| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| (State) |
| Case number *(if known):* _____     Chapter ___11___ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
| --- | --- | --- |
| 1. | **Debtor's Name** | **Cenveo, Inc.** |

| | | |
| --- | --- | --- |
| 2. | **All other names debtor used in the last 8 years** | **N/A** |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
| --- | --- | --- |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-1250533** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
| --- | --- |
| **200 First Stamford Place** | **777 Westchester Avenue** |
| Number           Street | Number           Street |
| **2nd Floor** | **Suite 111** |
| **Stamford, Connecticut 06902** | **White Plains, New York 10604** |
| City                          State    Zip Code | City                          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Fairfield County** | |
| County | Number           Street |
| | |
| | City                          State    Zip Code |

| | | |
| --- | --- | --- |
| 5. | **Debtor's website** (URL) | **http://www.cenveo.com/** |

| | | |
| --- | --- | --- |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor _____Cenveo, Inc._____   Case number *(if known)* _____
         Name

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3222 (Converted Paper Product Manufacturing); 3231 (Printing and Related Support Activities)**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____   When _____   Case number _____
                              MM/DD/YYYY
        District _____   When _____   Case number _____
                              MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  **See Rider 1**        Relationship  **Affiliate**

        District  **Southern District of New York**

                           When  **02/02/2018**

        Case number, if known _____               MM / DD / YYYY

| Debtor | Cenveo, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | | |
|---|---|---|
| | Number | Street |
| | | |
| | City | State   Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] Although the Debtor is not aware of any definition of 'imminent and identifiable hazard' as used in this form, the Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable hazard to the public health or safety.

Debtor _____Cenveo, Inc._____        Case number *(if known)* _____
    Name

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      __02/02/2018__
              MM/ DD / YYYY

✗   __/s/ Ian R. Scheinmann__          Ian R. Scheinmann
     Signature of authorized representative of debtor      Printed name

Title   __General Counsel and Secretary__

**18. Signature of attorney**

✗   __/s/ Jonathan S. Henes__        Date   __02/02/2018__
     Signature of attorney for debtor           MM/ DD/YYYY

**Jonathan S. Henes**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number             Street

| | | |
|---|---|---|
| **New York** | **New York** | **10022** |
| City | State | ZIP Code |

| | |
|---|---|
| **(212) 446-4800** | **jonathan.henes@kirkland.com** |
| Contact phone | Email address |

| | |
|---|---|
| **2822203** | **New York** |
| Bar number | State |

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Southern District of New York

(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cenveo, Inc.

| |
| --- |
| Cenveo, Inc. |
| Cadmus Delaware, Inc. |
| Cadmus Financial Distribution, Inc. |
| Cadmus International Holdings, Inc. |
| Cadmus Journal Services, Inc. |
| Cadmus Marketing Group, Inc. |
| Cadmus Marketing, Inc. |
| Cadmus Printing Group, Inc. |
| Cadmus UK, Inc. |
| Cadmus/O'Keefe Marketing, Inc. |
| CDMS Management, LLC |
| Cenveo CEM, Inc. |
| Cenveo CEM, LLC |
| Cenveo Corporation |
| Cenveo Omemee, LLC |
| Cenveo Services, LLC |
| CNMW Investments, Inc. |
| Colorhouse China, Inc. |
| Commercial Envelope Manufacturing Co., Inc. |
| CRX Holding, Inc. |
| CRX JV, LLC |
| Discount Labels, LLC |
| Envelope Product Group, LLC |
| Expert Graphics, Inc. |
| Garamond/Pridemark Press, Inc. |
| Lightning Labels, LLC |
| Madison/Graham Colorgraphics Interstate Services, Inc. |
| Madison/Graham Colorgraphics, Inc. |
| Nashua Corporation |
| Nashua International, Inc. |
| Old TSI, Inc. |
| Port City Press, Inc. |
| RX JV Holding, Inc. |
| RX Technology Corp. |
| Vaughan Printers Incorporated |
| VSUB Holding Company |

Official Form 201A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CENVEO, INC., | Case No. 18-_____(___) |
| Debtor. | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **001-12551**

2.    The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2017**

| | | | |
|---|---|---|---|
| (a) | Total assets | $ | **789,547,000** |
| (b) | Total debts (including debts listed in 2.c., below) | $ | **1,426,133,000** |
| (c) | Debt securities held by more than 500 holders | | |

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

| | | |
|---|---|---|
| (d) | Number of shares of preferred stock | **0[2]** |
| (e) | Number of shares of common stock | **8,583,605** |

Comments, if any:    **Cenveo, Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3.    Brief description of debtor's business:
**Cenveo is one of the largest printing business enterprises in North America and a global leader in digital manufacturing and fulfillment of envelopes, labels, print, and related communication resources.  Founded in 1919, Cenveo's portfolio of products includes printed labels, print magazine and book solutions, mailing solutions and creative services, and inventory and warehouse management software.  Cenveo serves its global customer base from its corporate headquarters in Stamford, Connecticut, its production facilities in approximately 20 states, and its content business in India.**

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Allianz Global Investors U.S. Holdings LLC (17.5%); Robert G. Burton, Sr. (10.2%); Nathu R. Puri (8.2%); Brigade Capital Management, LP (5.6%)**

---

[2]    10,000 shares authorized.

**Fill in this information to identify the case:**

Debtor name _____Cenveo, Inc., *et al.*_____

United States Bankruptcy Court for the: _____Southern District of New York_____

Case number *(If known)*: _____ (State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Bank of New York Mellon 225 Liberty Street New York, NY 10286 | Attn: Charles W. Scharf, CEO Tel: 212-495-1784 Fax: 212-635-1799 Email: N/A | Unsecured Noteholder | | | | $105,352,000.00 |
| 2 | GCC/IBT National Pension Fund 13191 Crossroads Parkway N., #205 City of Industry, CA 91746-3434 | Attn: James P. Hoffa, General President Tel: 800-322-1489 Fax: 532-463-5993 Email:  info@gccibt-npf.org | Pension | | | | $35,522,126.98 |
| 3 | CWA/ITU Negotiated Pension Fund 1323 Aeroplaza Dr. Colorado Springs, CO 80916 | Attn: President or General Counsel Tel: 719-473-3862 Fax: 719-473-3134 Email: membersvc@cwaitu.com | Pension | | | | $10,399,610.00 |
| 4 | International Paper 6400 Poplar Ave Memphis, TN 38197 | Attn: Mark S. Sutton Tel: 901-419-9000 Fax: 901-763-6140 Email: sharon.ryan@ipaper.com | Vendor | | | | $5,670,344.39 |
| 5 | Jenco Productions Incorporated 401 South J Street San Bernardino, CA 92410 | Attn: Jennifer Imbriani Tel: 909-381-9453 Fax: 909-381-5762 Email: jen@jencoproductions.com | Vendor | | | | $4,262,609.38 |
| 6 | Fasson/Avery Dennison 35 Penn Am Drive Quakertown, PA 18951 | Attn: Philip M. Neal, CEO Tel: 215-536-9000 Fax: 215-538-6799 Email: N/A | Vendor | | | | $4,114,972.93 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 7 | Oregon Printing Industry Pension Plan OPI Pension Trust 1220 SW Morrison Street, Suite 300 Portland, OR 97205-2222 | Attn: President or General Counsel Tel: 503-224-0048 x1669 Fax: N/A Email: opi@aibpa.com | Pension | | | | $4,049,616.22 |
| 8 | Evergreen Packaging Inc. 5350 Poplar Ave., Suite 600 Memphis, TN 38119 | Attn: John Rooney, Chief Executive Officer and President Tel: 901-821-5350 Fax: 901-821-5391 Email: evergreen.packaging@everpack.com | Vendor | | | | $3,477,233.00 |
| 9 | FedEx Custom Critical 1790 Kirby Parkway 500 Memphis, TN 38138 | Name: FedEx Custom Critical Attn: Vicki Hunt Tel: 866-274-6117 Fax: N/A Email: candice.carlyon@fedex.com | Vendor | | | | $2,932,014.44 |
| 10 | Veritiv 1000 Abernathy Rod NE Building 400 Suite 1700 Atlanta, GA 30328 | Attn: Mary A. Laschinger Tel: 770-391-8200 Fax: 770-659-4421 Email: media@veritivcorp.com | Vendor | | | | $2,687,378.32 |
| 11 | Transcendia 9201 W. Belmont Ave Franklin Park, IL 60131 | Attn: Andy J. Brewer, President and CEO Tel: 847-678-1800 Fax: 847-233-0199 Email: N/A | Vendor | | | | $2,558,995.79 |
| 12 | Gadge USA Inc. 3000 Marcus Avenue Lake Success, NY 11042 | Attn: President or General Counsel Tel: 516-437-6340 Fax: 516-437-6542 Email: info@gadgeusa.com | Vendor | | | | $2,298,474.07 |
| 13 | Old Dominion Freight Line Inc. 500 Old Dominion Way Thomasville, NC 27360 | Attn: President or General Counsel Tel: 800-432-6335 Fax: N/A Email:  customer.service@odfl.com | Vendor | | | | $2,240,117.03 |
| 14 | Clifford Paper Incorporated 600 E Crescent Avenue Upper Saddle River, NJ 07458 | Attn: Scott Clifford Tel: 201-934-5188 Fax: 201-934-5188 Email: mpolicatti@cliffordpaper.com | Vendor | | | | $2,183,333.17 |
| 15 | Central National Gottesman Inc. Three Manhattanville Road Purchase, NY 10577 | Attn: Jan Gottesman, President Tel: 914-696-9000 Fax: 914-696-1066 Email: jbabcock@cng-inc.com | Vendor | | | | $2,167,850.49 |
| 16 | Connemara Converting 544 Territorial Dr. Bolingbrook, IL 60440 | Attn: President or General Counsel Tel: 630-771-1209 Fax: 630-771-9358 Email: info@cmaraconverting.com | Vendor | | | | $1,936,446.26 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 17 | UPM Raflatac Inc (Lockbox 3175) Dept Ch 19515 Palatine, IL 60055-9515 | Attn: President or General Counsel Tel: 800-992-3882 Fax: 888-870-6222 Email: juha.makela@upmraflatac.com | Vendor | | | | $1,918,878.64 |
| 18 | P.H. Glatfelter Paper 96 South George Street Suite 520 York, PA 17401 | Attn: President or General Counsel Tel: 717-225-4711 Fax: 717-846-7208 Email: info@glatfelter.com | Vendor | | | | $1,588,860.60 |
| 19 | C.H. Robinson Worldwide 11760 Miramar PkwyBuilding E Suite 100 Miramar, FL 33025 | Attn: President or General Counsel Tel:  952-937-7829 Fax: 952-937-7840 Email: ben.campbell@chrobinson.com | Vendor | | | | $1,557,851.01 |
| 20 | Victory Packaging 3555 Timmons Lane Houston, TX 77027 | Attn: Ed Franza, National Account Manager Tel: 713-961-3824 Fax: 713-961-3299 Email: efranza@victorypackaging.com | Vendor | | | | $1,390,203.75 |
| 21 | JohnsByrne Company 6701 W. Oakton St. Niles, IL 60714-3932 | Attn: President or General Counsel Tel: 847-583-3100 Fax: 847-470-4400 Email: N/A | Vendor | | | | $1,266,736.97 |
| 22 | Accent Group Solutions 1154 Reco Ave Crestwood, MO 63126 | Attn: President or General Counsel Tel: 314-965-5388 Fax: 314-965-6384 Email: info@accentgroupsolutions.com | Vendor | | | | $1,168,454.65 |
| 23 | Daneels Graphic Press Inc. 13681 Newport Ave Ste 8-386 Tustin, CA 92780 | Attn: President or General Counsel Tel: N/A Fax: N/A Email: N/A | Vendor | | | | $1,027,320.40 |
| 24 | DLS Worldwide - LTL 11163 Blossom Avenue Parma Heights, OH 44130 | Attn: President or General Counsel Tel:  877.744.3818 Fax:  630.226.6565 Email: agentinquiry@dls-ww.com | Vendor | | | | $1,011,991.82 |
| 25 | Graphics Arts Industry Joint Pension Plan 25 Louisiana Ave NW Washington, DC 20001 | Attn: Marty L. Halberg, Co-Chairman Tel: 202-508-6670 Fax: 202-508-6671 Email: jpt@gciu.org | Pension | | | | $963,389.00 |
| 26 | AGFA/Pitman 611 River Drive, Center 3 Elmwood, NJ 07407 | Attn: President or General Counsel Tel: 888-274-8626; 800-526-5441 Fax: 201-440-6794 Email: na_marketing@agfa.com | Vendor | | | | $843,770.17 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 27 | The Boston Consulting Group Inc. Exchange Place, 31st Floor Boston, MA 02109 | Attn: Rob Souza Tel: 617-973-1200 Fax: 617-973-1339 Email: N/A | Vendor | | | | $825,000.00 |
| 28 | Centimark Corp 12 Grandview Circle Canonsburg, PA 15317 | Attn: President or General Counsel Tel: 855-814-5352 Fax: 724-743-7770 Email: thor.dicesare@centimark.com | Vendor | | | | $694,589.00 |
| 29 | United Parcel Service 55 Glenlake Parkway NE Atlanta, GA 30328 | Attn: President or General Counsel Tel: 404-828-6022 Fax: 404-828-6912 Email: tmcclure@ups.com | Vendor | | | | $667,476.89 |
| 30 | INX International Ink Co 150 North Martingale Road Suite 700 Schaumburg, IL 60173 | Attn: Rick Clendenning, President and CEO Tel: 630-382-1800 Fax: 847-969-9758 Email: CustomerService@inxintl.com | Vendor | | | | $645,950.40 |
| 31 | XPO Logistics Freight Inc. Five American Lane Greenwich, CT 06831 | Attn: President or General Counsel Tel: 844-742-5976 Fax:  N/A Email: contact@xpo.com | Vendor | | | | $611,081.30 |
| 32 | Manpower Incorporated 100 Manpower Place Milwaukee, WI 60673-1212 | Attn: Jonas Prising, CEO Tel: 414-961-1000 Fax: 414-961-7081 Email: N/A | Vendor | | | | $608,568.43 |
| 33 | Acucote, Inc. 910 E Elm Street P.O. Box 538 Graham, NC 27253-0538 | Attn: President or General Counsel Tel: 800-228-2683 Fax: 800-807-0795 Email: sales@acucote.com | Vendor | | | | $564,325.54 |
| 34 | Westrock 1000 Abernathy Road NE Atlanta, GA 30328 | Attn: President or General Counsel Tel: 770-448-2193 Fax: 770-246-4646 Email: bob.mcintosh@westrock.com | Vendor | | | | $530,021.10 |
| 35 | Color Dynamics Inc. 200 East Bethany Drive Allen, TX 75002 | Attn: Matt Coltharp Tel: 800-445-0017 Fax: 972-390-6699 Email: cchalifoux@colordynamics.com | Vendor | | | | $510,498.38 |
| 36 | Multi Plastics Incorporated 7770 N Central Drive Lewis Center, OH 43035 | Attn: President or General Counsel Tel: 740-548-4894 Fax: 740-548-5177 Email: orders@multi-plastics.com | Vendor | | | | $499,792.97 |
| 37 | Actega Abelstraße 43 Wesel 46483 Germany | Attn: President or General Counsel Tel: +49 281 670-8 Fax: +49 281 670-12040 Email: info.ACTEGA@altana.com | Vendor | | | | $497,759.65 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 38 | Ricoh Electronics Incorporated One Ricoh Square 1100 Valencia Avenue Tustin, CA 92780 | Attn: President or General Counsel Tel: 714-566-2500 Fax: 714-566-2509 Email: asuzuki@rei.ricoh.com | Vendor | | | | $491,103.86 |
| 39 | Ross Bindery Incorporated 15310 Spring Avenue Santa Fe Springs, CA 90670 | Attn: President or General Counsel Tel: 562-623-4565 Fax: 562-623-4575 Email: karld@rossbindery.com | Vendor | | | | $453,044.27 |
| 40 | Eastman Kodak Company 343 State Street Rochester, NY 14650 | Attn: Jeffrey J. Clarke Tel: 800-698-3324 Fax: 585-724-0663 Email: EIAmericas@kodak.com | Vendor | | | | $420,537.94 |
| 41 | USF Holland Inc. 700 S. Waverly Rd. Holland, MI 49423 | Attn: President or General Counsel Tel: 616-395-5000 Fax: 616-392-3104 Email: support@hollandregional.com | Vendor | | | | $401,468.41 |
| 42 | Creative Label Inc. - Elk Grove Village 2450 Estest Ave Elk Grove Village, IL 60007 | Attn: President or General Counsel Tel: 847-956-6960 Fax: N/A Email: N/A | Vendor | | | | $394,616.10 |
| 43 | Bindagraphics Incorporated DBA Pack Appeal 2701 Wilmarco Ave Baltimore, MD 21223 | Attn: President or General Counsel Tel: 410-362-7200 Fax: 410-362-7233 Email: info@bindagraphics.com | Vendor | | | | $390,272.70 |
| 44 | ServiceNow Inc. 2225 Lawson Lane Santa Clara, CA 95054 | Attn: John Donahoe Tel: 408-501-8550 Fax: N/A Email: CustomerSupport@servicenow.com | Vendor | | | | $389,275.69 |
| 45 | ALG Worldwide Logistics LLC 745 Dillon Drive Wood Dale, IL 60191 | Attn: President or General Counsel Tel: 630-766-3900 Fax: 630-766-2037 Email: info@algworldwide.com | Vendor | | | | $377,110.04 |
| 46 | Papercone Corporation 3200 Fern Valley Rd. Louisville, KY 40213 | Attn: President or General Counsel Tel: 502-961-9493 Fax: 502-961-9346 Email: pam_johansen@papercone.com | Vendor | | | | $361,697.55 |
| 47 | E-Pallet Incorporated 14701 Detroit Avenue Suite 610 Lakewood, OH 44107 | Attn: President or General Counsel Tel: 888-805-9670 Fax: 440-735-9270 Email: N/A | Vendor | | | | $358,091.76 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 48 | Finch Paper LLC 1 Glen Street Glen Falls, NY 12801-2167 | Attn: President or General Counsel Tel: 518-793-2541 Fax:  N/A Email:  info@finchpaper.com | Vendor | | | | $337,454.68 |
| 49 | Electronics for Imaging 6750 Dumbarton Circle Fremont, CA 94555 | Attn: President or General Counsel Tel: 650-357-3500 Fax: 650-357-3907 Email: info@efi.com | Vendor | | | | $331,690.30 |
| 50 | Pension Benefit Guaranty Corporation Attn: President or General Counsel 1200 K Street NW Washington, DC 20005 | Name: Pension Benefit Guaranty Corporation Attn: President or General Counsel Tel: 202-326-4020 Fax: 202-326-4026 Email: mypension@pbgc.gov | Pension | Contingent, Unliquidated | | | Unliquidated |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CENVEO, INC., | Case No. 18-_____(___) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[3]

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security Held | Percentage of Equity Held |
|---|---|---|---|---|
| Cenveo, Inc. | Allianz Global Investors U.S. Holdings LLC | 1633 Broadway New York, New York 10019 | Common | 17.5% |
| | Robert G. Burton, Sr. | c/o Cenveo, Inc. 200 First Stamford Place 2nd Floor Stamford, Connecticut 06902 | Common | 10.2% |
| | Nathu R. Puri | 6 Union Road, Nottingham NG3 1FH United Kingdom | Common | 8.2% |
| | Brigade Capital Management, LP | 399 Park Avenue 16th Floor New York, New York 10022 | Common | 5.6% |
| | Robert G. Burton, Sr. Family Trust | c/o Cenveo, Inc. 200 First Stamford Place 2nd Floor Stamford, Connecticut 06902 | Common | 3.6% |
| | Michael G. Burton | c/o Cenveo, Inc. 200 First Stamford Place 2nd Floor Stamford, Connecticut 06902 | Common | 1.2% |
| | Robert G. Burton, Jr. | c/o Cenveo, Inc. 200 First Stamford Place 2nd Floor Stamford, Connecticut 06902 | Common | 1.1% |
| | Scott J. Goodwin | c/o Cenveo, Inc. 200 First Stamford Place 2nd Floor Stamford, Connecticut 06902 | Common | < 1.0% |
| | Jan R. Scheinmann | c/o Cenveo, Inc. 200 First Stamford Place | Common | < 1.0% |

---

[3]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case. By the *Motion of Cenveo, Inc., et al., for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Waiving Requirements to File Lists of Equity Holders* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security Held | Percentage of Equity Held |
|--------|----------------|--------------------------|------------------------------|---------------------------|
| | | 2nd Floor<br>Stamford, Connecticut 06902 | | |
| | Gerald S. Armstrong | c/o Cenveo, Inc.<br>200 First Stamford Place<br>2nd Floor<br>Stamford, Connecticut 06902 | Common | < 1.0% |
| | Mark J. Griffin | c/o Cenveo, Inc.<br>200 First Stamford Place<br>2nd Floor<br>Stamford, Connecticut 06902 | Common | < 1.0% |
| | Susan Herbst | c/o Cenveo, Inc.<br>200 First Stamford Place<br>2nd Floor<br>Stamford, Connecticut 06902 | Common | < 1.0% |
| | James G. Moorhead | c/o Cenveo, Inc.<br>200 First Stamford Place<br>2nd Floor<br>Stamford, Connecticut 06902 | Common | < 1.0% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CENVEO, INC., | Case No. 18-_____(\_\_\_) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Allianz Global Investors U.S. Holdings LLC | 17.5% |
| Robert G. Burton, Sr. | 10.2% |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case and this filing:</td></tr>
</table>

| | |
|---|---|
| Debtor Name | Cenveo, Inc. |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ List of Equity Security Holders and Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **02/02/2018** | ☒ */s/ Ian R. Scheinmann* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Ian R. Scheinmann** |
| | Printed name |
| | **General Counsel and Secretary** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

## OMNIBUS RESOLUTIONS

### February 1, 2018

The undersigned, being the board of directors, board of managers, sole manager, sole member, or members, as applicable (each, the "Governing Body"), of the corporations and limited liability companies listed on the attachments hereto (each, a "Company," and collectively, the "Companies") hereby take the following actions and adopt the following resolutions, pursuant to, as applicable, the bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document") and the laws of the state of formation of each Company as set forth next to each Company's name on the attachments hereto:

WHEREAS, each Governing Body considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body discussed the foregoing with Management and the Advisors of each Company and each governing body has fully considered each of the strategic alternatives available to each Company and has determined, in the judgment of each Governing Body, that the following resolutions are in the best interests of each Company and its creditors;

NOW, THEREFORE, BE IT:

### CHAPTER 11 FILING

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of each Company's domestic direct and indirect subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Chief Restructuring Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Rothschild, Inc., as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Rothschild & Co. in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Zolfo Cooper LLC, as financial advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zolfo Cooper LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

2

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's chapter 11 case.

## RESTRUCTURING SUPPORT AGREEMENT

RESOLVED, that in the judgment of the respective Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among each of the Companies, certain of their affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of each Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION[1]

RESOLVED, that in the judgment of the Governing Body of each Company, each Company will receive benefits from the DIP Documents (as defined below) and the Loans contemplated thereunder, and it is desirable and in the best interest of each Company that the form, terms and provisions of: (i) that certain Ratification and Amendment Agreement, dated on or about the date hereof, together with any and all exhibits, schedules and annexes thereto (collectively, the "Ratification and Amendment Agreement"), by and among Cenveo Corporation, a Delaware corporation, as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code (the "Borrower"), each of the other Loan Parties party thereto, each as a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, each Lender from time to time party thereto and Bank of America, N.A., as Administrative Agent, which Ratification and Amendment Agreement amends the Credit Agreement, dated as of April 16, 2013, (ii) that certain Senior-Secured Super-Priority Priming Debtor-In-Possession Credit Agreement, dated on or about the date hereof,

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in Exhibit A to the Ratification and Amendment Agreement or the DIP Term Loan Credit Agreement (each as defined herein), as the context requires.

KE 51442058

together with any and all exhibits, schedules and annexes thereto (the "DIP Term Loan Credit Agreement", and together with the Ratification and Amendment Agreement, the "DIP Documents"), among the Borrower, as a debtor-in-possession in the Chapter 11 Cases, Cenveo, Inc., a Colorado corporation, as a Guarantor and a debtor-in-possession in the Chapter 11 Cases, each lender from time to time party thereto and Wilmington Savings Fund Society, FSB, as Administrative Agent, and (iii) the Loan Documents to which any or all of the Companies are a party, and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered or filed by each Company in connection therewith, and the transactions contemplated by the DIP Documents and the other Loan Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted and approved.

RESOLVED, that the Governing Body of each Company has determined that it is necessary and in the best interest of each such Company's business and affairs, for each such Company to execute, deliver and perform the DIP Documents and the other Loan Documents under the DIP Documents to which it is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and each Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Documents, including without limitation, the guarantee of the Obligations thereunder, and any other Loan Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Loan Documents, including, without limitation, any Borrowing by any Borrower under the Loan Documents, are hereby, in all respects, authorized and approved.

RESOLVED, that each Company and each of its Authorized Officers are authorized, empowered and directed, in the name and on behalf of such Company, to grant security interests in, pledge, assign, transfer, mortgage, convey and/or deliver, as security for obligations under the Loan Documents, any assets now or hereafter held or belonging to such Company, and the grants of security interest by the Companies and Liens in all of such Company's assets and property constituting Collateral as collateral security for the payment of the Obligations, advances, debts or liabilities of the Companies, the pledges of collateral (including, without limitation, pledges of equity and real and personal property as collateral), the assignments, transfers, conveyances and mortgages of assets, the Uniform Commercial Code (the "UCC") financing statements, and the guarantees of each Company, under and in connection with the Loan Documents, be and they hereby are, authorized, adopted and approved.

RESOLVED, that each of the Authorized Officers of each Company is hereby authorized and directed to negotiate the terms of and to execute, deliver and perform the Loan Documents to which such Company is a party and any and all other documents, certificates, instruments, notes, mortgages, deeds of trust, intellectual property security agreements, joinders, consents, guarantees or agreements relating to  or in connection with the transactions contemplated thereby in the name and on behalf of such Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve on behalf of such Company, which approval shall be conclusively evidenced

4

by his or her execution thereof (such execution by any of the Authorized Officers is hereby authorized to be by original hardcopy, facsimile or similar instantaneous electronic transmission device).

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)      that certain ABL Credit Agreement dated as of April 16, 2013, among Cenveo Corporation ("Cenveo Corp."), the guarantor parties thereto, Bank of America, N.A. as administrative agent (the "Domestic ABL Agent"), and each lender party from time to time thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Domestic Prepetition ABL Credit Agreement");

(b)      those certain FILO 4.00% senior secured first lien notes issued pursuant to that certain Indenture and Note Purchase Agreement, dated as of June 10, 2016, among Cenveo Corp., Cenveo Inc., the guarantors party thereto, and Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "4.00% FILO Secured Notes Agent") (the "4.00% FILO Senior Secured Notes");

(c)      those certain 6.00% senior priority secured notes issued pursuant to that certain Indenture, dated as of June 26, 2014, among Cenveo Corp., the guarantors party thereto, and Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "6.00% First Lien Notes Agent") (the "6.00% First Lien Notes"); and

(d)      those certain 8.50% second lien junior priority secured notes issued pursuant to that certain Indenture, dated as of June 26, 2014, among Cenveo Corp., the guarantors party thereto, and Bank of New York Mellon Trust Company, N.A. as trustee and collateral agent (the "8.50% Second Lien Notes Agent") (the "8.50% Second Lien Notes").

RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order (the "Interim DIP Order") substantially in the form presented to the Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments,

5

receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in connection with the foregoing resolutions, in accordance with the DIP Documents, and in each case, in the form or substantially in the form thereof presented to the respective Governing Body of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

RESOLVED, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Officers be, and hereby are, authorized and empowered on behalf of each Company to take all such further action including, without limitation, to arrange for, enter into or grant amendments, amendments and restatements, supplements, renewals, replacements, consolidations, substitutions, extensions and modifications to and waivers of any of the foregoing DIP Documents, the Loan Documents, agreements, instruments and other documents (the "Agreements"), and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, borrowing notices, hedging arrangements, financing statements and other documents, including any interest rate swaps, caps, collars or similar hedging agreements, relating to the transactions contemplated by the Agreements, and to execute, deliver and perform all such further amendments, modifications, waivers, supplemental agreements, instruments, notes (including any intercompany notes to which each Company may be a party), certificates, joinders, consents, financing statements and documents, including any interest rate swaps, caps, collars or similar hedging agreements as may be called for under or in connection with the Agreements, in the name and on behalf of each Company, and to pay all such fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform each Company's obligations under or in connection with the Agreements and the transactions contemplated thereby; and to the extent any such payments have been made to date, any and all such payments are hereby authorized, ratified, confirmed and approved in all respects.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in his reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

6

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Agent to file any UCC financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order, and to pay all expenses, in connection with the DIP Documents, the other applicable Loan Documents and any and all transactions contemplated thereby or in connection therewith or otherwise in connection with matters encompassed by the foregoing resolutions, including but not limited to filing fees.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

RESOLVED, that in accordance with their respective Organizational Documents, each Governing Body hereby creates the office of Chief Restructuring Officer ("CRO") at each Company.

RESOLVED, that Mr. Ayman Zameli is appointed to the office of CRO of each Company, to hold such office until the earlier of his resignation or removal by the respective Governing Body.

RESOLVED, that Mr. Zameli shall report to each Governing Body and shall serve at the pleasure and direction of each Governing Body.

## APPOINTMENT OF INDEPENDENT DIRECTOR SOLELY WITH RESPECT TO CENVEO, INC.

RESOLVED, that in accordance with its Organizational Documents, the Board of Cenveo, Inc. hereby increases the size of its Board from six members to seven members.

RESOLVED, that the Board of Cenveo, Inc. has determined that it is desirable and in the best interest of Cenveo, Inc. to cause Cenveo, Inc. to enter into the Director Services Agreement with Mr. Eugene Davis to fix the terms of his compensation for future services rendered by him as a director of Cenveo, Inc.

RESOLVED that the form, terms, and provisions of the Director Services Agreement and Cenveo, Inc.'s performance of its obligations thereunder and all the transactions contemplated thereunder, be, and hereby are, in all respects, by the Board of Cenveo, Inc., authorized, adopted and approved, together with such changes, additions, deletions, amendments or modifications therein.

RESOLVED that the Board of Cenveo, Inc. hereby appoints Mr. Eugene Davis to the Board to fill the vacancy created by the increased size of the Board from six members to seven members.

7

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, prior to the date of this consent on behalf of each Company be, and are hereby in all respects are approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Company with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.  The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of each Company, pursuant to the limited liability company agreement or operating agreement of such company, as applicable, and the laws of the State of such Company's jurisdiction of formation.

*      *      *      *      *

8

KE 51442058

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.

_____
Gerald S. Armstrong

_____
Robert G. Burton, Jr.

_____
Mark Griffin

_____
Susan Herbst

_____
James G. Moorhead

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.

_____
Gerald S. Armstrong

_____
Robert G. Burton, Jr.

_____
Mark Griffin

_____
Susan Herbst

_____
James G. Moorhead

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON ATTACHMENT A**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.


_____
Gerald S. Armstrong


_____
Robert G. Burton, Jr.

_____
Mark Griffin


_____
Susan Herbst


_____
James G. Moorhead


**BEING ALL OF THE MEMBERS OF THE
BOARD OF DIRECTORS OF THE COMPANY
LISTED ON ATTACHMENT A**

☑001

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.

_____
Gerald S. Armstrong

_____
Robert G. Burton, Jr.

_____
Mark Griffin

_____
Susan Herbst

_____
James G. Moorhead

**BEING ALL OF THE MEMBERS OF THE
BOARD OF DIRECTORS OF THE COMPANY
LISTED ON ATTACHMENT A**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.


_____
Gerald S. Armstrong


_____
Robert G. Burton, Jr.


_____
Mark Griffin


_____
Susan Herbst


_____
James G. Moorhead

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>ATTACHMENT A</u>**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

_____
Robert G. Burton, Sr.

_____
Scott J. Goodwin

_____
Robert G. Burton, Jr.

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT G</u>**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Robert G. Burton, Sr.

Scott J. Goodwin

Robert G. Burton, Jr.

Ian R. Scheinmann

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON ATTACHMENT F**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Robert G. Burton, Sr.

Scott J. Goodwin

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OR BOARD OF MANAGERS, AS APPLICABLE, OF EACH COMPANY LISTED ON ATTACHMENT B**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Cenveo Corporation
~~Rx JV Holding, Inc.~~

By: _____

Name: Robert G. Burton, Sr.

Title:   Chief Executive Officer

**BEING THE MEMBERS OF THE COMPANY LISTED ON ATTACHMENT C**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Cenveo Corporation
Discount Labels, LLC
Rx JV Holding, Inc.

By: _____
Name:  Robert G. Burton, Sr.
Title:    Chief Executive Officer

**BEING THE MEMBERS OF THE COMPANY LISTED ON <u>ATTACHMENT D</u>**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Cenveo Corporation

By:

Name:  Robert G. Burton, Sr.
Title:   Chief Executive Officer

**BEING THE SOLE MEMBER OF EACH COMPANY LISTED ON <u>ATTACHMENT E</u>**

IN WITNESS WHEREOF, the undersigned have executed this omnibus written consent as of the date first written above.

Robert G. Burton, Sr.

**BEING THE SOLE MANAGER OF THE COMPANY LISTED ON** <u>**ATTACHMENT H**</u>

**Attachment A**

| COMPANY | JURISDICTION |
|---|---|
| Cenveo, Inc. | Colorado |

**Attachment B**

| COMPANY | JURISDICTION |
|---|---|
| Cadmus Delaware, Inc. | Delaware |
| Cadmus Financial Distribution, Inc. | Virginia |
| Cadmus International Holdings, Inc. | Virginia |
| Cadmus Journal Services, Inc. | Virginia |
| Cadmus Marketing Group, Inc. | Virginia |
| Cadmus Marketing, Inc. | Virginia |
| Cadmus Printing Group, Inc. | Virginia |
| Cadmus UK, Inc. | Virginia |
| Cadmus/O'Keefe Marketing, Inc. | Virginia |
| CDMS Management, LLC | Delaware |
| Cenveo CEM, Inc. | Delaware |
| Cenveo Corporation | Delaware |
| CNMW Investments, Inc. | Delaware |
| Colorhouse China, Inc. | Colorado |
| CRX Holding, Inc. | Delaware |
| Expert Graphics, Inc. | Virginia |
| Madison/Graham Colorgraphics Interstate Services, Inc. | California |
| Madison/Graham Colorgraphics, Inc. | California |
| Nashua Corporation | Massachusetts |
| Nashua International, Inc. | Delaware |
| Old TSI, Inc. | Georgia |
| Rx JV Holding, Inc. | Delaware |
| Rx Technology Corp. | Delaware |
| VSUB Holding Company | Virginia |
| Cenveo Omemee, LLC | Delaware |

**Attachment C**

| **COMPANY** | **JURISDICTION** |
|---|---|
| Cenveo CEM, LLC | Delaware |

**Attachment D**

| **COMPANY** | **JURISDICTION** |
|---|---|
| CRX JV, LLC | Delaware |

**Attachment E**

| **COMPANY** | **JURISDICTION** |
|---|---|
| Discount Labels, LLC | Indiana |
| Envelope Products Group, LLC | Delaware |
| Lightning Labels, LLC | Delaware |

**Attachment F**

| COMPANY | JURISDICTION |
|---|---|
| Commercial Envelope Manufacturing Co., Inc. | New York |

**Attachment G**

| **COMPANY** | **JURISDICTION** |
| --- | --- |
| Garamond/Pridemark Press, Inc. | Maryland |
| Port City Press, Inc. | Maryland |
| Vaughan Printers Incorporated | Florida |

**Attachment H**

| COMPANY | JURISDICTION |
|---------|--------------|
| Cenveo Services, LLC | Colorado |