**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENVEO, INC., *et al.*,[1] | ) | Case No. 18-22178 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**INTERIM ORDER AUTHORIZING CENVEO, INC., *ET AL.*, TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Cenveo") for entry of a final and an interim order (this "Interim Order"), authorizing Cenveo to (a) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses and (b) continue employee benefits programs in the ordinary course all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United states District Court for the Southern District of New York,* dated January 31, 2012 as a core proceeding pursuant to 28 U.S.C. § 57(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this

1 The last four digits of Cenveo, Inc.'s tax identification number are 0533. Due to the large number of Debtors in these chapter 11 cases, for which Cenveo has requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of Cenveo's proposed claims and noticing agent at https://cases.primeclerk.com/cenveo. The location of Cenveo's service address for purposes of these chapter 11 cases is: 777 Westchester Avenue, Suite 111, White Plains, New York 10604.

2 Capitalized terms used but not otherwise defined herein shall have the meaning given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Cenveo's notice of the Motion and opportunity for an interim hearing on the Motion were appropriate under the circumstances and no other notice need be provided except as set forth herein with respect to the Final Hearing (defined below); and there being no objections to the relief granted herein; and upon the record of and representations at the hearing held by the Court on February 2, 2018 on the Motion's request for interim relief (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, including that the payments provided for herein provide a net benefit to Cenveo and the estates after taking into account the Bankruptcy Code's priority scheme; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 6, 2018, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on February 27, 2018, at 4:00 p.m. and shall be served on: (a) Cenveo and its counsel; (b) holders of the 50 largest unsecured claims against Cenveo; (c) the agent under Cenveo's prepetition asset-based credit facility and its counsel; (d) the agents under Cenveo's proposed postpetition debtor in possession financing facilities and their respective counsel; (e) counsel to the ad hoc group of certain holders of Cenveo's prepetition first-lien notes; (f) Brigade Capital Management, LP, in its capacity as a holder of Cenveo's prepetition first lien notes and second lien notes and its counsel; (g) Allianz GI US High Yield Fund, in its capacity as a holder of Cenveo's first-in, last-out secured notes and unsecured notes and its counsel; (h) the indenture trustee under Cenveo's

prepetition first lien notes and its counsel; (i) the indenture trustee under Cenveo's prepetition second lien notes and its counsel; (j) the indenture trustee under Cenveo's first-in, last-out unsecured notes and its counsel; (k) the indenture trustee under Cenveo's prepetition unsecured notes and its counsel; (l) the Committee and its counsel; (m) the U.S. Trustee; (n) the Pension Benefit Guaranty Corporation; (o) the United States Attorney's Office for the Southern District of New York; (p) the Internal Revenue Service; (q) the United States Securities and Exchange Commission; and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002, with a copy to the Court's chambers. If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. Cenveo re authorized in their sole discretion, to continue to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with Cenveo's prepetition policies and prepetition practices, irrespective of whether such obligations arose prepetition or postpetition; *provided, however* that pending entry of the Final Order, Cenveo shall not make any payment to any individual with respect to any prepetition claim on account of the Employee Compensation and Benefits in excess of $12,850; *provided*, *further* that payments on account of the Commissions, the Unpaid Commissions, or the Relocation Program shall not be made under this Interim Order and shall be made solely to the extent permitted under the Final Order; *provided¸ further*, for the avoidance of doubt, Cenveo will not seek to pay any outstanding prepetition or postpetition claims with respect to the Reimbursable Expenses in advance of the date they come due.

4. Cenveo shall not make any non-ordinary course bonus, incentive, or severance payments to its Employees or any Insiders (as such term is defined in section 101(31) of the

Bankruptcy Code) without further order of this Court. For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider without further order of this Court.

5. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and Cenveo are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

6. Cenveo are authorized to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with Cenveo's prepetition policies and practices.

7. Cenveo are authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

8. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Cenveo's designation of any particular check or electronic payment request as approved by this Interim Order.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Cenveo's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Cenveo's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by Cenveo that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Cenveo expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation, or other relief authorized by this Interim Order shall be subject to and limited by the requirements imposed on Cenveo under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of postpetition financing (any such order, a "Financing Order"), or any budget in connection therewith, approved by this Court in these chapter 11 cases. In the event of any conflict between the terms of this Interim Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

12. Cenveo are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any prepetition amounts owed to their Employees.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. Cenveo are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: White Plains, New York
February 6, 2018

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE