**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENVEO, INC., *et al.*,[1] | ) | Case No. 18-22178 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**FINAL ORDER AUTHORIZING CENVEO, INC., *ET AL.*, TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Cenveo" or the "Debtors") for entry of a final order (this "Final Order") authorizing Cenveo to (a) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses and (b) continue employee benefits programs in the ordinary course, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having

1 The last four digits of Cenveo, Inc.'s tax identification number are 0533. Due to the large number of debtor entities in these chapter 11 cases, which cases are being jointly administered for procedural purposes, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of Cenveo's claims and noticing agent at https://cases.primeclerk.com/cenveo. The location of Cenveo's service address for purposes of these chapter 11 cases is: 777 Westchester Avenue, Suite 111, White Plains, New York 10604.

2 Capitalized terms used but not otherwise defined herein shall have the meaning given to them elsewhere in this Motion or in the First Day Declaration, as applicable.

found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Cenveo's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and upon the interim and March 6, 2018 final hearing held by the Court on the Motion (the "Hearing"); and there being no objections to the relief granted herein; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, including that the relief granted herein will provide a net benefit to the Debtors' estates after taking into account the Bankruptcy Code's priority scheme; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Cenveo is authorized in its sole discretion, to continue to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with Cenveo's prepetition policies and prepetition practices, irrespective of whether such obligations arose prepetition or postpetition; *provided, however,* that, to the extent reasonably practicable under the circumstances, Cenveo will use good faith efforts to consult with the advisors to the Official Committee of Unsecured Creditors and counsel to the ad hoc committee of holders of Cenveo's prepetition first lien notes regarding any material modifications to the Employee Compensation and Benefits, taken as a whole, not less than five (5) days prior to any such modification; if such such consultation is not reasonably practicable, then as soon as practicable under the circumstances.

3. Except as otherwise provided in any order approving the *Supplement to Motion of Cenveo, Inc., et al., for Entry of Interim and Final Orders Authorizing Cenveo to (I) Pay*

*Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (II) Continue Employee Benefits Programs* [Docket No. 85], nothing herein shall be deemed approval of any non-ordinary course bonus, incentive, or severance payments to its Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) and Cenveo shall not make any such payments without further order of this Court. For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider without further order of this Court.

4. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and Cenveo is authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5. Cenveo is authorized to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with Cenveo's prepetition policies and practices.

6. Cenveo is authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

7. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Cenveo's designation of any particular check or electronic payment request as approved by this Final Order.

9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a debtor entity; (b) a waiver of Cenveo's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Cenveo's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by Cenveo that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Cenveo expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Cenveo is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any prepetition amounts owed to its Employees.

11. Notwithstanding anything to the contrary contained in this Final Order or in the Motion, any payment, obligation, or other relief authorized by this Final Order shall be subject to

and limited by the requirements imposed on Cenveo under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of postpetition financing (any such order, a "Financing Order"), or any budget in connection therewith, approved by this Court in these chapter 11 cases. In the event of any conflict between the terms of this Final Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. Cenveo is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: White Plains, New York
March 8, 2018

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE